```
         IN DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


TARRISH TELLIS,                 )
                                )
     Petitioner,                )
                                )
     v.                         )       CIVIL ACTION NO.
                                )         2:18cv961-MHT
UNITED STATES OF AMERICA,       )             (WO)
                                )
     Respondent.                )
```

## OPINON AND ORDER

Petitioner Tarrish Tellis is before the court on a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure in which he asks the court to vacate its January 2022 judgment denying his habeas motion based on 28 U.S.C. § 2255.

### I. BACKGROUND

*Criminal Case*: In January 2015, a jury found Tellis guilty of one count of conspiracy to defraud the IRS, eleven counts of theft of public money, and five counts

of aggravated identity theft.[1] The district court sentenced Tellis to a total of 223 months' imprisonment. Tellis appealed, and the Eleventh Circuit Court of Appeals remanded his case to the district court to address a sentencing error and ensure that his sentences were within the statutory maximum on each count. In January 2018, the district court entered an order correcting Tellis's sentence and resentencing him to the same total of 223 months' imprisonment.

*Civil Habeas Case*: On November 11, 2018, Tellis, acting pro se, filed a § 2255 motion in the instant civil case asserting the following claims:

1. His lawyer during pretrial proceedings and in negotiating the guilty plea that he later withdrew, Richard B. White, rendered ineffective assistance of counsel by failing to "be present" when his proffer to the government was "given illegally"; by failing to advise him of his rights under the plea deal so he could make "an informed decision that was voluntary"; and by failing to

---

1. Tellis and four coconspirators were named in the 29-count indictment. The conspiracy involved a large tax-refund scheme with the filing of fraudulent tax returns using personal identification information stolen from hundreds of people. Tellis was named in Counts 1–12 and 25-29 of the indictment.

2

   "investigate and present exculpatory evidence."

2. His lawyer during pretrial and trial proceedings, Daniel G. Hamm, rendered ineffective assistance of counsel by failing to challenge the use of his proffer as evidence at trial; by failing to move to suppress his "involuntary statements"; by failing to challenge the Government's threat to use his proffer as trial evidence; by failing to address "the ineffective actions" of attorney White; and by failing to "investigate exculpatory evidence as presented to pre-trial counsel."

3. His lawyer at sentencing and on appeal, Joseph Mitchell McGuire, rendered ineffective assistance of counsel by failing to prepare for sentencing and present evidence "brought to his attention by Petitioner"; by failing to object to issues at sentencing and preserve them for appeal; by failing to entertain other avenues of defense; by failing to file a notice of appeal and consult with him about the appeal; and by failing to address issues on appeal as ordered by the Eleventh Circuit.

(Doc. 1 at 4–7; Doc. 2 at 3–17.)

The magistrate judge entered a recommendation that all of Tellis's claims lacked merit. In January 2022, the district court entered an order adopting the magistrate judge's recommendation and a final judgment

denying Tellis's § 2255 motion and dismissing the case with prejudice.  Tellis appealed, and the Eleventh Circuit denied his application for a certificate of appealability in October 2022.

In his Rule 60(b)(6) motion in this civil case, which he filed on February 1, 2023, Tellis alleges, in a vague and confusing manner, that the government "fraudulently" included a waiver provision (under which he says he would have waived his right later to raise claims of ineffective assistance of counsel) in a plea offer he rejected after he withdrew his original guilty plea.  As explained below, the court finds that Tellis's Rule 60(b)(6) motion constitutes a successive § 2255 motion filed without the required appellate court authorization.  And without that authorization, this court lacks jurisdiction to consider the merits of the successive § 2255 motion.

## II. DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies to only civil actions and proceedings in the United States District Court.[2] *See* Fed. R. Civ. P. 1. It provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they

---

2. Rule 60 permits a litigant to move for relief from an otherwise final judgment in a civil case. It provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Tellis purports to proceed under Rule 60(b)(6).

5

are "not inconsistent with applicable federal statutory provisions," *id.* at 529 (internal marks omitted), and that the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *See id.* AEDPA does, nonetheless, foreclose application of that rule where it would contravene the act's restrictions on successive petitions. *Id.* at 529-30. Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to proceedings under § 2255. *See United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005); *see also Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010). Accordingly, for the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to and discussed herein, this opinion uses nomenclature appropriate to motions for relief under § 2255.

6

"[W]hen faced with what purports to be a Rule 60(b) motion ... federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530–31). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo*, 394 F. App'x at 671. If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the petitioner has failed to obtain authorization from the court of appeals, the district court lacks subject-matter jurisdiction on the merits of any claims. *See id*.

In *Gonzalez,* 545 U.S. at 531–32, the Supreme Court provided guidance on how claims in a Rule 60(b) motion should be construed where the petitioner has filed a previous § 2255 motion that has been denied. If the Rule 60(b) motion (1) seeks to add a new claim for relief from

7

the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2255 claim on the merits, then the court should construe the Rule 60(b) motion as a second or successive § 2255 motion attacking the conviction and sentence, and dismiss it accordingly. *See id*. at 532. A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief from a ... judgment of conviction." *Id*. at 530. Under *Gonzalez*, no "claim" is asserted when a Rule 60(b) motion attacks neither the underlying judgment of conviction nor the substance of the federal court's resolution of a claim on the merits, but rather attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60(b) motion can properly be used to attack only a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily

8

required for a second or successive § 2255 motion.[3] *See id.* at 538; *see also Galatolo*, 394 F. App'x at 672.

Tellis claims that the government fraudulently included a waiver provision (under which he says he would have waived his right later to raise claims of ineffective assistance of counsel) in a plea offer he rejected after he withdrew his original guilty plea. Notwithstanding his assertion that this claim goes to some defect in the integrity of the proceedings on his original § 2255 motion, it is clear that Tellis is raising a new claim asserting a basis for relief from his judgment of conviction. Consequently, under *Gonzalez*, his

---

[3]. AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

self-styled Rule 60(b)(6) motion must be construed as a successive § 2255 motion. *See* 545 U.S. at 532. The result would be the same under *Gonzalez* if Tellis's present vague claim were deemed to have been asserted in his original § 2255 motion and then ruled upon by this court on the merits. The controlling factor is that the claim, whether new or repeated, attacks the conviction and/or sentence and not the integrity of the habeas proceeding.

The bar on unauthorized successive § 2255 motions is jurisdictional. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). Because Tellis has obtained no certification from the Eleventh Circuit authorizing this court to proceed on a successive § 2255 motion, his successive § 2255 motion must be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

## III. CONCLUSION

Accordingly, it is ORDERED that petitioner Tarrish Tellis's nominal Rule 60(b)(6) motion is denied for lack of jurisdiction because it constitutes a successive § 2255 motion filed without the required appellate court authorization.

DONE, this the 13th day of February, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**